Scott W. Wellman, SBN: 82897
Stuart Miller, SBN: 175849
Derek Banducci, SBN: 252124
**WELLMAN & WARREN LLP**
24411 Ridge Route, Suite 200
Laguna Hills, CA 92653
Tel: (949) 580-3737
Fax: (949) 580-3738

Attorneys for Defendants

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLARICE VENTURA,<br><br>Plaintiff,<br><br>vs.<br><br>EDWARD HO, DOING BUSINESS AS HAPPY NAILS & SPA OF SAN CLEMENTE; LYNN HOANG HO, DOING BUSINESS AS HAPPY NAILS & SPA OF SAN CLEMENTE, and DOES 1 through 100 inclusive<br><br>Defendants. | Case No.:<br>Judge:<br>Dept.: **SACV 09-373 AG (FFMx)**<br><br>**NOTICE OF REMOVAL OF ACTION**<br><br>(FEDERAL QUESTION JURISDICTION, 28 U.S.C. SECTION 1331) |

PLEASE TAKE NOTICE that Defendants H&N GROUP MANAGEMENT CO. ("H&N") and HAPPY NAILS OF SAN CLEMENTE L.P. ("Happy Nails") (collectively "Defendants"), hereby remove to this Court the state court action described below:

1

1. On October 27, 2008, Plaintiff CLARICE VENTURA ("Plaintiff") commenced an action in the Superior Court of California, County of Orange, captioned *Ventura v. Ho, et. al.*, Case No. 30-2008-00114083 (the "State Court Action"). The action was filed against Edward Ho and Lynn Hoang Ho.

2. On January 15, 2009, Plaintiff filed two Amendments to Complaint adding Doe Defendants H&N Group Management Co., a California Corporation and Happy Nails of San Clemente, L.P., a Limited Partnership.

3. The first date upon which the Defendant received a copy of the Summons, Complaint and the Amendments to Complaint was on or about mid-March 2009. The exact date and time is unknown to Defendants. Defendants were not served with any other initial pleadings prior to mid-March 2009.

4. Defendants have not filed an Answer or any other responsive document in the State Court Action.

5. To Defendants' knowledge, no other pleadings or documents have been filed in the State Court Action. Copies of the Summons for Defendants and the Complaint are attached hereto as Exhibit A.

6. This action is a civil action of which this Court has original jurisdiction under 28 U.S.C. Section 1331, and is one in which may be removed to this Court pursuant to 28 U.S.C. Section 1441(b) in that it involves the following federal questions:
WELLMAN & WARREN
Attorneys at Law
24411 Ridge Route, Suite 200
Laguna Hills, CA 92653
(949) 580-3737

a. Whether Defendants violated the Americans with Disabilities Act of 1990 (42 U.S.C. 12101 et. seq.).

7. This action is one is which may be removed to this Court pursuant to 28 U.S.C. Section 1367 in that this Court may have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy:

a. Whether Defendants violated the Unruh Civil Rights Act (Cal Civ Sections 51-53); and

b. Whether Defendants Violated the California Disabled Persons Act (Cal Civ Sections 54-54.8).

8. A copy of the Notice of Removal will be filed with the Clerk of the Orange County Superior Court, in conformity with 28 U.S.C. Section 1446(d).

9. Written notice of the filing of this Notice of Removal will be given to all adverse parties in conformity with 28 U.S.C. Section 1446(d). Such notice shall be attached as a proof of service to all documents mailed to all adverse parties.

10. By filing this Notice of Removal, Defendants do not waive any defenses, claims or rights of any kind.

11. Pursuant to 28 U.S.C. Section 1446(a), Defendants have removed this action to "the district court of the United States for the district and division within which such action is pending…" As the State Court Action was pending in the County of Orange,

3

NOTICE OF REMOVAL OF ACTION

Defendants have removed the action to the United States District Court, Central District of California, Southern Division.

12. Venue is appropriate here pursuant to 28 U.S.C. Section 1391(b) because a civil action "wherein jurisdiction is not founded solely on diversity of citizenship may...be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State..." Both Defendants reside in Orange County, California. Therefore, venue is appropriate in this Court.

WHEREFORE, Defendants hereby remove the State Court Action from the Superior Court of the State of California, County of Orange to this Court.

Dated: March 24, 2009               **WELLMAN & WARREN LLP**

By: _____
   Scott Wellman
   Stuart Miller
   Derek Banducci
   Attorney For Defendants

4

NOTICE OF REMOVAL OF ACTION

1  CENTER FOR DISABILITY ACCESS, LLP
   MARK D. POTTER, ESQ., SBN 166317
2  RUSSELL C. HANDY, ESQ., SBN 195058
   100 East San Marcos Blvd., Suite 400
3  San Marcos, CA 92069-2988
   (760) 480-4162
4  Fax: (760) 480-4170

5  Attorney for Plaintiff CLARICE VENTURA

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE
CENTRAL JUSTICE CENTER

OCT 27 2008

ALAN CARLSON, Clerk of the Court

BY _____ B. LEA _____ DEPUTY

IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF ORANGE

CLARICE VENTURA,

Plaintiff,

v.

EDWARD HO, DOING BUSINESS AS HAPPY NAILS & SPA OF SAN CLEMENTE; LYNN HOANG HO, DOING BUSINESS AS HAPPY NAILS & SPA OF SAN CLEMENTE, and DOES 1 through 100, inclusive

Defendants.

Case No.: 30-2008-00114083

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR VIOLATIONS OF: AMERICANS WITH DISABILITIES ACT; UNRUH CIVIL RIGHTS ACT; CALIFORNIA DISABLED PERSONS ACT

DEMAND FOR JURY

JUDGE GREGORY MUNOZ
DEPT. C8

Plaintiff CLARICE VENTURA complains of Defendants EDWARD HO, DOING BUSINESS AS HAPPY NAILS & SPA OF SAN CLEMENTE; LYNN HOANG HO, DOING BUSINESS AS HAPPY NAILS & SPA OF SAN CLEMENTE, and DOES 1 through 100, inclusive, (hereinafter referred to as "Defendants") and alleges as follows:

PARTIES:

1. Plaintiff is a California resident with physical disabilities. She suffers from Muscular Dystrophy and requires and uses an electric wheelchair for mobility.

-1-

Complaint

EX 'A'

2. Defendants are or were at the time of the incident the owners and operators and/or lessors and lessees of the Nail Salon located at 979 Avenida Pico, San Clemente, California.

3. Plaintiff does not know the true names of Defendants, their business capacities, their ownership connection to the property and business, or their relative responsibilities in causing the access violations herein complained of, and alleges a joint venture and common enterprise by all such Defendants. Plaintiff is informed and believes that each of the Defendants herein, including DOES 1 through 100, inclusive, is responsible in some capacity for the events herein alleged, or is a necessary party for obtaining appropriate relief. Plaintiff will seek leave to amend when the true names, capacities, connections, and responsibilities of the Defendants and DOES 1 through 100, inclusive, are ascertained

**FACTUAL ALLEGATIONS:**

4. The Defendant is engaged in a profit based business with the public and qualifies as a public accommodation and a business establishment.

5. Plaintiff has patronized Defendants' Nail Salon on several occasions.

6. Having received a $50 gift card, Plaintiff went to Defendants' Nail Salon on August 9, 2008, for a manicure and pedicure.

7. Defendants agreed to the manicure but refused to do a pedicure unless Plaintiff could get onto the spa chair, which because of her disability Plaintiff was unable to do.

8. Plaintiff asked for an accommodation from Defendants in that they do a pedicure while she was sitting in a regular chair, a service which Defendants had performed for Plaintiff during previous visits. Defendants refused Plaintiff's request and when faced with this refusal, Plaintiff asked to cash out her gift card; Defendants refused that request as well.

9. Plaintiff requested Defendants modify any existing policy, practice or procedure and accommodate her request that she be allowed to sit in an accessible

chair while receiving a pedicure, as she needed this accommodation to avail herself of the goods and services offered to the public by Defendants. Defendants denied Plaintiff's reasonable request for an accommodation.

10. Although it may not have been the standard practice or a policy of the Defendants to allow individuals with disabilities in electric wheelchairs who could not access the spa chair to sit in an accessible chair while receiving a pedicure, Plaintiff's request for a modification in that practice or policy was reasonable and should have been honored. It would not have resulted in a fundamental alteration in the nature of the Defendants' services. Moreover, this is exactly the type of minor services and accommodations that the Americans with Disabilities Act requires businesses to provide in order to permit persons with disabilities to gain independence and enjoy full and equal access to the goods, services, facilities, privileges, and advantages of the governed businesses.

11. Naturally, Plaintiff VENTURA was humiliated, frustrated, angry and/or vexed as a result of encountering these violations of her civil rights, and the lack of full and equal treatment by the Defendants in the provision of their goods services and activities. Although these injuries are modest in scope and did not result in any loss of wages or economic damage or medical care or attention, the continued violation of the Plaintiff's civil rights by these Defendants and the highly unpleasant emotional distress caused by such unlawful treatment is attributable to the actions or inactions of the Defendants and Plaintiff seeks redress from these Defendants for such injury.

12. Plaintiff would like to be able to use Defendants' Nail Salon on a continuing basis, but because of Plaintiff's knowledge of the existence of the Defendants' discriminatory policies and/or practices, the Plaintiff is unable to use Defendants' Nail Salon on a "full and equal" basis until the Defendants modify said policies or practices. Plaintiff, therefore, is currently being deterred from returning and attempting to patronize the Defendants' Nail Salon.

I.   **FIRST CAUSE OF ACTION: VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990** (On behalf of Plaintiff and Against All Defendants) (42

U.S.C. 12101 et seq.)

15. Under Title III of the Americans With Disabilities Act of 1990 ("ADA"), the general rule applicable to this case is that: "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages or accommodations of any place of public accommodation." 42 U.S.C. § 12182(a). Under this section, it is discriminatory to exclude a person with a disability from participation due to his disability. 42 U.S.C. § 12182(b)(1)(A). It is discriminatory to institute a policy or to enforce eligibility criteria that tend to screens out an entire class of individuals with disabilities from using the facilities. 42 U.S.C. § 12182(b)(2)(A)(i). It is discriminatory to fail to make reasonable modifications in policies, or practices where such modifications are necessary to afford a person with a disability the opportunity to enjoy the facilities, goods and advantages available to non-disabled customers. 42 U.S.C. § 12182(b)(2)(A)(ii).

16. Patrons without disabilities typically can access the spa chair for pedicures in Defendants' Nail Salon. Plaintiff was unable to do so due to her disability. Because of Defendants' policy of not doing pedicures on patrons with disabilities in accessible chairs, when they were unable to access the spa chair, Plaintiff was precluded from full access to Defendants' privileges and accommodations. Plaintiff needed and requested a modification in Defendants' policies and practices, which reasonable request was denied. By refusing to grant the Plaintiff's request for a modification in the rules and policies, the Defendants violated the law and violated the Plaintiff's civil rights. 42 U.S.C. 12182(b)(2)(A)(ii).

II. SECOND CAUSE OF ACTION: VIOLATION OF THE UNRUH CIVIL RIGHTS ACT (On behalf of Plaintiff and Against All Defendants) (Cal Civ § 51-53)

17. The actions of the Defendants have violated and continue to violate the Unruh Civil Rights Act, Cal. Civ. Code sections 51 et. seq., in that physically disabled persons are either not provided services and facilities that are provided to other persons,

-4-

Complaint

or are provided services and facilities that are not equal to, and are inferior to, the services provided to persons who are not physically disabled.

18. Additionally, Defendants have violated the Unruh Civil Rights Act by violating the Americans with Disabilities Act. See Cal. Civ. § 51(f). The Defendants' refusal to accommodate the Plaintiff and the refusal to grant her request for a reasonable modification of the policy and its affirmative conduct in denying Plaintiff's request to be allowed to sit in an accessible chair while receiving a pedicure, was intentional conduct.

III. **THIRD CAUSE OF ACTION: VIOLATION OF THE CALIFORNIA DISABLED PERSONS ACT** (On behalf of Plaintiff and Against All Defendants) (Cal Civ § 54-54.8)

19. The actions of the Defendants have violated and continue to violate the California Disabled Persons Act, Cal. Civ. Code sections 54 et. seq., in that physically disabled persons are either not provided services and facilities that are provided to other persons, or are provided services and facilities that are not equal to, and are inferior to, the services provided to persons who are not physically disabled, in that they have failed to make reasonable modifications in policies, practices, or procedures where such modifications as are necessary to afford a person with a disability proper access to and enjoyment of the goods, services, facilities, privileges, advantages, or accommodations offered by Defendants' Nail Salon, specifically be denying Plaintiff's request to be allowed to sit in an accessible chair while receiving a pedicure. Defendants' actions are unlawful and have resulted in the Defendants' failure to provide full and equal accommodations, advantages, facilities, privileges and/or services to the Plaintiff.

20. Additionally, Defendant has violated the California Disabled Persons Act by violating the Americans with Disabilities Act. See Cal. Civ. § 54.1(d) et seq.

**PRAYER:**

Wherefore, Plaintiff prays that this court award damages and provide relief as follows:

-5-

Complaint.

1. For injunctive relief, compelling Defendant to comply with the Americans with Disabilities Act and Unruh Civil Rights Act. Note: the Plaintiff is not invoking section 55 of the California Civil Code and is not seeking injunctive relief under that section.

2. Damages under the Unruh Civil Rights Act and/or the California Disabled Persons Act. Note: A Defendant cannot be held liable for damages under both the Unruh Civil Rights Act and the California Disabled Persons Act and the Plaintiff will make an election at trial depending upon the evidence amassed.

3. Reasonable attorneys' fees, litigation expenses and costs of suit, pursuant to 42 U.S.C. § 12205; Cal. Civ. Code §§ 52 and 54.3 and Cal. Civ. Proc. § 1021.5.

Dated: October 24, 2008        CENTER FOR DISABILITY ACCESS, LLP

By: _____
MARK D. POTTER
Attorneys for Plaintiff

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury for all claims for which a jury is permitted.

Dated:   October 24, 2008        CENTER FOR DISABILITY ACCESS, LLP

By: _____
MARK D. POTTER
Attorneys for Plaintiff

-6-

Complaint

# PROOF OF SERVICE
### (California Code of Civil Procedure 1013(A))
### STATE OF CALIFORNIA, COUNTY OF ORANGE

I am over the age of 18 and I am not a party to the within action. I am employed by law firm of WELLMAN & WARREN LLP Attorneys at Law, 24411 Ridge Route, Suite 200, Laguna Hills, California 92653.

On March 24, 2009, I served the attached document, titled as follows:

**NOTICE OF REMOVAL OF ACTION**

on the interested parties in this action, by placing true copies thereof in sealed envelopes, addressed as follows:

Mark D. Potter
Russell C. Handy
CENTER FOR DISABILITY ACCESS, LLP
100 East San Marcos Blvd., Suite 400
San Marcos, CA 92069-2988
Facsimile: (760)480-4170

[x]   (BY U.S. MAIL) I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. Postal Service on that same day with postage thereon fully prepaid at Laguna Hills, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[ ]   (BY PERSONAL SERVICE)   I caused to be delivered such envelope by hand to the offices of the address.

[ ]   (BY FACSIMILE) I caused such document to be transmitted via facsimile to the offices of the address from facsimile machine whose telephone number is listed above.

[ ]   (BY OVERNIGHT DELIVERY) I caused personal delivery of such envelope, by placing such envelope for collection and delivery fees paid or provided for in accordance with ordinary business practices.

[ ]   (BY E MAIL) I caused such documents to be sent to **Rowena Santos** by attaching said documents to an e mail specifically addressed to Ms. Santos from the e mail account at Wellman & Warren, LLP.

[x]   (Federal) I declare that I am employed in the office of a person authorized to practice law in this Court at whose direction the service was made. I declare under penalty of perjury under the laws of the Unites States of America that the above is true and correct.

[ ]   (State)    I declare that I am employed in the office of a member of the Bar of this Court at whose direction the service was made. I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

I declare that I am employed in the office of a member of the Bar of this Court at whose direction the service was made. I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed March 24, 2009 at Laguna Hills, California

Bimali Walgampaya

1
PROOF OF SERVICE

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
CLARICE VENTURA

**DEFENDANTS**
Edward Ho, doing business as Happy Nails & Spa of San Clemente; Lynn Hoang Ho, doing business as Happy Nails & Spa of San Clemente, and Does 1 through 100, inclusive

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
Mark Potter, Center for Disability Access, 100 E. San Marcos Blvd., Ste. 400, San Marcos, CA 92069-2988, (760)480-4162

**Attorneys (If Known)**
Scott Wellman, Stuart Miller, Derek Banducci, Wellman & Warren, LLP, 24411 Ridge Route Drive, Ste. 200, Laguna Hills, CA 92653, (949)580-3737

**II. BASIS OF JURISDICTION** (Place an X in one box only.)
- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)
- ☒ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify):
- ☐ 6 Multi-District Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check 'Yes' only if demanded in complaint.)
**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☒ No ☐ MONEY DEMANDED IN COMPLAINT: $_____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Violations of the Americans with Disabilities Act of 1990, 42 USC Section 12101.

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | | | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/ Other | |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 340 Marine | BANKRUPTCY | ☐ 550 Civil Rights | ☐ 740 Railway Labor Act |
| | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | FORFEITURE / PENALTY | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | | ☐ 355 Motor Vehicle Product Liability | | ☐ 610 Agriculture | PROPERTY RIGHTS |
| ☐ 810 Selective Service | | | CIVIL RIGHTS | ☐ 620 Other Food & Drug | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | | ☐ 840 Trademark |
| | ☐ 190 Other Contract | | ☐ 443 Housing/Acco-mmodations | | SOCIAL SECURITY |
| ☐ 890 Other Statutory Actions | ☐ 195 Contract Product Liability | ☐ 365 Personal Injury- Product Liability | ☐ 444 Welfare | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | | | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | REAL PROPERTY | | | ☐ 660 Occupational Safety/Health | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | | IMMIGRATION | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | | ☒ 446 American with Disabilities - Other | | FEDERAL TAX SUITS |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | | ☐ 462 Naturalization Application | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| | ☐ 240 Torts to Land | | ☐ 463 Habeas Corpus-Alien Detainee | | |
| | ☐ 245 Tort Product Liability | | | ☐ 440 Other Civil Rights | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 950 Constitutionality of State Statutes | ☐ 290 All Other Real Property | | ☐ 465 Other Immigration Actions | | |

## SACV 09-373 AG (FFMx)

**FOR OFFICE USE ONLY:** Case Number: _____

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CV-71 (05/08)          CIVIL COVER SHEET          Page 1 of 2

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑ No ☐ Yes
If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply)  ☐ A. Arise from the same or closely related transactions, happenings, or events; or
　　　　　　　　　　　　　　☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
　　　　　　　　　　　　　　☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
　　　　　　　　　　　　　　☐ D. Involve the same patent, trademark or copyright, <u>and</u> one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
　☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| County of Orange | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
　☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| County of Orange | |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
　Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| County of Orange | |

\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved

**X. SIGNATURE OF ATTORNEY (OR PRO PER):** _/s/ Stuart Miller_   Date 03/24/09

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

**PROOF OF SERVICE**
**(California Code of Civil Procedure 1013(A)**
**STATE OF CALIFORNIA, COUNTY OF ORANGE**

I am over the age of 18 and I am not a party to the within action. I am employed by law firm of WELLMAN & WARREN LLP Attorneys at Law, 24411 Ridge Route, Suite 200, Laguna Hills, California 92653.

On March 24, 2009, I served the attached document, titled as follows:

**CIVIL COVER SHEET**

on the interested parties in this action, by placing true copies thereof in sealed envelopes, addressed as follows:

Mark D. Potter
Russell C. Handy
CENTER FOR DISABILITY ACCESS, LLP
100 East San Marcos Blvd., Suite 400
San Marcos, CA 92069-2988
Facsimile: (760)480-4170

[x]  (BY U.S. MAIL) I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. Postal Service on that same day with postage thereon fully prepaid at Laguna Hills, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[ ]  (BY PERSONAL SERVICE)  I caused to be delivered such envelope by hand to the offices of the address.

[ ]  (BY FACSIMILE)  I caused such document to be transmitted via facsimile to the offices of the address from facsimile machine whose telephone number is listed above.

[ ]  (BY OVERNIGHT DELIVERY) I caused personal delivery of such envelope, by placing such envelope for collection and delivery fees paid or provided for in accordance with ordinary business practices.

[ ]  (BY E MAIL) I caused such documents to be sent to **Rowena Santos** by attaching said documents to an e mail specifically addressed to Ms. Santos from the e mail account at Wellman & Warren, LLP.

[x]  (Federal) I declare that I am employed in the office of a person authorized to practice law in this Court at whose direction the service was made. I declare under penalty of perjury under the laws of the Unites States of America that the above is true and correct.

[ ]  (State)  I declare that I am employed in the office of a member of the Bar of this Court at whose direction the service was made. I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

I declare that I am employed in the office of a member of the Bar of this Court at whose direction the service was made. I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed March 24, 2009 at Laguna Hills, California

Bimali Walgampaya

1
PROOF OF SERVICE

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Andrew Guilford and the assigned discovery Magistrate Judge is Frederick F. Mumm.

The case number on all documents filed with the Court should read as follows:

**SACV09- 373 AG (FFMx)**

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

================================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [ ] Western Division | [X] Southern Division | [ ] Eastern Division |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

---

CV-18 (03/06)   NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY