CENTER FOR DISABILITY ACCESS
MARK D. POTTER, ESQ., SBN 166317
RUSSELL C. HANDY, ESQ., SBN 195058
100 East San Marcos Blvd., Suite 400
San Marcos, CA 92069-2988
(760) 480-4162; Fax (760) 480-4170

Attorney for Plaintiff, CLARICE VENTURA

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLARICE VENTURA, | Case No.: SACV 09-0373 AG (FFMx) |
| Plaintiff, | **PLAINTIFF'S POINTS AND AUTHORITIES IN SUPPORT OF HER MOTION TO WITHDRAW ADMISSIONS PURSUANT TO FRCP 36(b)** |
| v. | |
| EDWARD HO, dba HAPPY NAILS & SPA OF SAN CLEMENTE; LYNN HOANG HO dba HAPPY NAILS & SPA OF SAN CLEMENTE; THE H&N GROUP MANAGEMENT CO., a California Corporation, and DOES 1 through 100, inclusive | Date:  September 15, 2009<br>Time: 10:00 a.m.<br>Ctrm: E (Spring Street Location)<br><br>**Honorable Frederick F. Mumm** |
| Defendants. | |

## I.    INTRODUCTION

The basis for the instant motion is straight-forward.  Defendants H&N Group Management and Happy Nails of San Clemente (collectively "defendants") served discovery on plaintiff.  However, as the required FRCP Rule 26 meeting had not yet occurred, defendants' discovery was premature.  After discussion between counsel for the parties, it was agreed that plaintiff's responses would be due on July 15, 2009.

-1-

Unfortunately, the due date was incorrectly calendared in the firm's ABACUS calendaring system due to a simple misunderstanding; the due date was mistakenly calendared for *one week later*, or July 22, 2009.

Sure enough, on July 22, 2009, plaintiff served responses.  However, as defendants' counsel promptly made clear, service was late and therefore the requests for admissions were automatically admitted, pursuant to the operation of FRCP Rule 36(a)(3), notwithstanding the fact that plaintiff had actually served her responses. Plaintiff's counsel first attempted to determine if defendants would stipulate to allow plaintiff to withdraw the admissions.  When defendants' counsel declined to stipulate, plaintiff immediately drafted and filed the instant motion.

As there would be no prejudice to defendants if the admissions were withdrawn, and as withdrawal of the admissions would aid in presenting the merits of the case, plaintiff respectfully requests that this Court allow plaintiff to withdraw said admissions.

## II.  DISCUSSION

### A.    The Facts

On April 30, 2009, defendants served discovery on plaintiff, including Requests for Admissions. See Declaration of Steven J. Wedel in Support of Plaintiff's Motion to Withdraw Admissions (hereinafter "Wedel Declaration"), ¶ 2, and Exhibit 1 attached thereto.  However, as the parties had not even conducted the FRCP Rule 26(f) discovery meeting at that time, the discovery was premature, per FRCP 26(d)(1).  On May 6, 2009, plaintiff's counsel sent a letter to defense counsel indicating that the discovery was premature and that plaintiff would, out of courtesy so that defendant need not serve discovery again, consider it served as of the date of the Rule 26(f) meeting, whenever it finally did occur. See Wedel Declaration, ¶¶ 3-4, and Exhibit 2, attached thereto.

This seemed to solve the problem.  However, a new "wrinkle" arose: although the parties worked cooperatively in putting together the required joint report regarding the case and proposed discovery, and in were in complete agreement regarding the discovery plan and course the litigation should follow, there was confusion as to the exact date when the Rule 26(f) meeting had occurred. See Wedel Declaration, ¶ 6; Declaration of Ray Ballister In Support of Plaintiff's Motion to Withdraw Admissions (hereinafter "Ballister Declaration"), ¶ 4.  Thus, there was an issue as to when plaintiff should consider defendants' discovery "served," per plaintiff's May 6, 2009 letter.

Counsel for plaintiff, Ray Ballister, proposed the reasonable solution of using the date of the scheduling conference – June 22, 2009 – as the date to start the "clock" ticking on defendants' discovery for purposes of calculating due date for the responses. See Ballister Declaration, ¶ 5.  This would have made responses due July 22, 2009. Unfortunately, counsel for defendant was not receptive to this proposal, and insisted that plaintiff's discovery responses should be due July 1, 2009; this date was later revised to July 15, 2009, by agreement between Mr. Ballister and defense counsel. See id. at ¶¶ 6-7.

Doubly unfortunately – for plaintiff – this date was not effectively communicated to that person responsible for calendaring dates for the plaintiff's counsels' firm, Lauren Whitehead, who mistakenly calendared the due date from the *originally* proposed date, June 22, 2009.  Thus, Ms. Whitehead set the due date for plaintiff's responses as July 22, 2009, rather than July 15, 2009. See Declaration of Lauren Whitehead in Support of Plaintiff's Motion to Withdraw Admissions (hereinafter "Whitehead Declaration"). ¶¶ 3-5.

## B.   **The Law**

An admission to a Rule 36 Request for Admission cannot be amended or withdrawn except by leave of court after a noticed motion; this applies both to express admissions as well as to those admissions resulting from a failure to respond (or by late

1  responses). See FRCP 36(b); 999 v. C.I.T. Corp., 776 F.2d 866, 869 (9th Cir. 1985).
2  See also Kalis v. Colgate-Palmolive Co., 231 F.3d 1049, 1059 (7th Cir. 2000) (stating
3  that a formal motion to amend or withdraw is mandatory).

4         However, Rule 36(b) makes it clear that even with a motion, the decision to
5  allow withdrawal of such admissions is *discretionary*, and "may" only be allowed if it
6  can be initially shown that such withdrawal would "promote the presentation of the
7  merits of the action and if the court is not persuaded that it would prejudice the
8  requesting party in maintaining or defending the action on the merits." FRCP 36(b).
9  See also Conlon v. United States, 474 F.3d 616, 624-25 (9th Cir. 2007) (ruling that even
10 if the two-prong test under Rule 26(b) is met, a court still has discretion to deny the
11 motion).

12        Finally, with respect to the "prejudice" prong of Rule 36(b), the party seeking to
13 rely on the admissions and opposing a motion to withdraw same must show not just
14 prejudice to its case but "*substantial*" prejudice. See, e.g., Sonoda v. Cabrera, 255 F.3d
15 1035, 1039 (9th Cir. 2001); Perez v. Miami-Dade County, 297 F.3d 1255, 1265 (11th
16 Cir. 2002) (error to deny leave to withdraw where no substantial prejudice shown, even
17 if motion untimely); Raiser v. Utah County, 409 F.3d 1243, 1246 (10th Cir. 2005)
18 (finding that even preparing a summary judgment based on erroneous admissions is not
19 a showing of substantial prejudice should said admissions be withdrawn).

20        Thus, as an initial matter, this Court must consider whether granting plaintiff's
21 motion would:

22 • Aid in presenting the merits of the case; and

23 • Result in substantial prejudice to the party who requested the admission.

24

25 **C.    The Facts To The Law**

26        In the present case, plaintiff avers that both prongs favor a granting of her
27 motion.

28

-4-

1       First, with respect to the merits of the case, a quick review of the admissions at

2   issue (*see* Wedel Declaration and Exhibit 1 attached thereto) show that they go to the

3   heart of plaintiff's case and the merits of her claims of discrimination.   Request

4   numbers one (1) through nine (9), for example, all deal <u>directly</u> with plaintiff's

5   allegations that she was denied full and equal access at defendants' public

6   accommodation.   Indeed, the very first Request asks plaintiff to admit that she is *not*

7   disabled.   As plaintiff has muscular dystrophy, being forced to admit that she is not

8   disabled in an ADA lawsuit of course goes to the merits of the case; that the

9   "admission" would in actuality contradict factual reality makes it even worse for

10  plaintiff.

11      As can be seen from the Requests themselves, if plaintiff's motion is *not* granted,

12  the result will be for all practical purposes the elimination of any presentation of the

13  merits of the case whatsoever.

14      Of course, the argument concerning the merits of the case is magnified when

15  seen through the lens of the second prong: will the requesting party be substantially

16  prejudiced if the motion is granted?  Again, plaintiff believes not.

17      As already discussed, the serving of plaintiff's responses seven (7) days late was

18  solely due to inadvertence: a calendaring error resulting from a simple

19  misunderstanding as to the agreed-upon date that defendants' discovery – initially

20  prematurely served – would be considered to have been "served" for purposes of

21  calculating the due date of responses.   There was no ill-will, intent, maliciousness,

22  dilatory tactic, or even neglect on the part of plaintiff.  Defendants simply cannot show

23  they will be substantially prejudiced if admissions resulting from responses served

24  seven (7) days late are withdrawn. <u>See</u> <u>Rabil v. Swafford</u>, 128 F.R.D. 1, 3 (D.D.C.

25  1989) (admissions resulting from responses served only a few days late did not

26  constitute substantial prejudice if allowed to be withdrawn); <u>see</u> <u>also</u> <u>Asea, Inc. v.</u>

27  <u>Southern Pacific Transp' Co.</u>, 669 F. 2d 1242, 1248 (9th Cir. 1981) (finding that when

28

-5-

the admissions result from inadvertence, Rule 36(b) discretion should favor allowing the withdrawal of said admissions).

In short, plaintiff's responses to requests for admissions were served late due to an inadvertent – and completely understandable, given the circumstances – error in calendaring.  Defendants therefore received their responses a mere seven (7) days after they expected them (while plaintiff was under the mistaken impression that all was right with the world).  While it is understandable that defendants are upset that they did not receive the responses on the day they expected them, given that they did in fact receive responses, and given that there was no intent, bad faith, or willfulness on plaintiff's behalf to serve them late (indeed, plaintiff thought responses were served on time, <u>see</u> Wedel Declaration, ¶ 9), and as defendants would not be prejudiced (that is, trial is still months off, and defendants have not, for example, filed a summary judgment relying on the admissions), this is a situation that is ripe for granting plaintiff's motion and allowing the lawsuit to proceed on a full presentation of the merits.

### III. CONCLUSION

Plaintiff has not acted in bad faith, or in an intentionally dilatory or neglectful manner.  Due to simple calendaring error, responses to Requests for Admissions were served seven (7) days late.  Trial is four months away, and defendants have not yet relied on the admissions in any meaningful way.  As the requests at issue go directly to the merits of plaintiff's case, and as defendants cannot show that they will be substantially prejudiced if the admissions are withdrawn, plaintiff respectfully requests that this Court grant her motion.

Dated: July 30, 2009                    CENTER FOR DISABILITY ACCESS

                                        By:___/s/ Mark D. Potter_____

                                        MARK D. POTTER
                                        Attorneys for Plaintiff

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# **PROOF OF SERVICE**

VENTURA V. HO, ET AL.          Case # 09CV373AJGFFM

I, the undersigned, am over the age of eighteen years and am resident of San Diego County, California; I am not a party to the above-entitled action; my business address is 100 East San Marcos Blvd., Suite 400, San Marcos, California, 92069.

On August 3, 2009 I served the following document(s):

PLAINTIFF'S NOTICE OF MOTION TO WITHDRAWAL ADMISSIONS
POINTS & AUTHORITIES ISO MOTION
DECLARATION OF STEVE WEDEL
DECLARATION OF RAYMOND BALLISTER, JR.
DECLARATION OF LAUREN WHITEHEAD

Addressed to:
Derek M. Banducci, Esquire
Wellman & Warren LLP
24411 Ridge Route, Ste 200
Laguna Hills, CA 92653

☐   <u>BY MAIL:</u> I caused such envelope with postage thereon fully prepaid to be placed in the United States mail at San Marcos, California.

☐   <u>BY FACSIMILE:</u> In addition to the service by mail as set forth above, I forwarded a copy of said documents via facsimile to the listed facsimile number.

☐   <u>BY OVERNITE EXPRESS:</u> I caused such envelope with postage thereon fully prepaid to be placed in the Designated Overnite Express drop box at San Marcos, California.

☐   <u>BY PERSONAL SERVICE:</u> I caused said documents to be personally served on all listed recipients via Diversified Legal Services.

☑   <u>BY ELECTRONIC MAIL TRANSMISSION:</u> via the United States District Court, Central District of California's CM/ECF system. I caused the listed documents to be electronically filed and subsequently emailed to the recipient(s).

Executed on August 3, 2009 from San Marcos, California.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

_____
Lauren Whitehead